REQUESTED BY: Larry D. Bird, Boone County Attorney, Albion, Nebraska.
1. May a county board member lawfully also serve as superintendent of the county weed control authority?
2. May a member of a county board of commissioners lawfully also perform the duties of a county highway superintendent designated pursuant to section 39-1504, R.R.S. 1943, and receive additional compensation therefor?
1. Yes.
2. Yes.
1.
In Opinion No. 244, dated June 26, 1958, Report of Attorney General, 1957-1958, p. 415, we had under consideration the following question: `May a County Commissioner hold the office of Supervisor for a Weed Eradication District in the county while serving as County Commissioner?' In that opinion we expressed the conclusion that the two offices were incompatible and could not be held by a single individual. However, there have been significant statutory changes since the date of that opinion. At that time, the function of weed eradication and control was carried out through separate districts which could be formed in a contiguous body upon petition of land owners. Such districts were separate and distinct governmental entities the governing body of which was a board of supervisors. Such district boards had the power to make assessments against property within the county and cause taxes to be levied thereon. It was in this area that our earlier opinion found an incompatibility between the offices of member of the county board and member of the weed district board, insomuch as the latter would be in the position of making assessments against property owned by the county. Since the enactment of a comprehensive new weed eradication and control act in 1965, weed control is now handled on a county-wide basis; and the incompatibility pointed to in our earlier opinion now is virtually nonexistent. See section 2-952, et seq., R.R.S. 194
Be that as it may, there is a further reason for reaching a conclusion other than that expressed in our earlier opinion on the subject. The question now before us concerns the appointment of a member of the county board as a weed control superintendent; whereas the 1958 opinion involved the question of a county board member also serving as a member of a weed district board of supervisors. The present question is entirely different, as a weed control superintendent is merely an employee whose sole function is to examine lands and otherwise assist in the enforcement of laws concerning weed eradication and control. See section 2-954(3), R.R.S. 1943. A weed control superintendent exercises no governmental legislative or policy making powers; and we find no inherent incompatibility which would prohibit a member of county board from performing the duties of a weed control superintendent.
2.
In our Opinion No. 207, dated February 13, 1958, Report of Attorney General, 1957-1958, p. 348, we had under consideration the question: `May a member of the County Board perform the duties of County Highway Superintendent and receive pay therefor?' Our conclusion was: `In some cases he may perform the duties, but in no case may he be paid for their performance.' The opinion was bottomed upon the premise that there is no inherent conflict of interest or other incompatibility between the office of a member of the county board and the position of county highway superintendent an that, in the absence of some specific statutory prohibition, a county board member may perform the duties of the county highway superintendent in those commissioner type counties which have not established a separate office of county highway superintendent. We adhere to that proposition and the conclusions drawn upon the basis thereof as expressed in our earlier opinion.
Section 39-1504, R.R.S. 1943, provides: `In commissioner type counties not having a county highway superintendent, the county board, or some other qualified person designated by the county board, shall assume and perform the powers a duties of the county highway superintendent.' The statute is silent as to compensation for some person who might be designated to perform county highway superintendent duties. Notwithstanding the lack of any express provision therefor, it seems reasonable to assume that the county board could by contract provide compensation for some individual designated to perform such duties; and this would seem to be true even though the person performing such contractual services might be a county commissioner. In that regard, however, it was pointed out in our 1958 opinion that a county board member serving as county highway superintendent pursuant to section39-1504 would be precluded from receiving any such contractual compensation by reasons of the prohibition then contained in section 23-146, R.R.S. 1943, which absolutely prohibited any county officer from pecuniary interest in or benefit from any contract with the county. However, that section has now been amended so as to impose such prohibition only with respect to amounts in excess of five thousand dollars in any one year. See R.S.Supp., 1976
In reaching the conclusions hereinabove expressed, we have not overlooked section 23-1114.08, R.R.S. 1943, which provides: `When the same person occupies more than one office in the same county, he shall receive only one minimum annual salary.' That provision, in our judgment, has reference only to those particular elected county officers whose salaries are specifically fixed in Chapter 13, article 10, of the statutes and in those situations where one person statute ex officio holds more than one such office. The statute seems to have no application to either of the questions here under consideration.